```
                                            ┌─────────────────────────────────────┐
                                            │ USDC SDNY                           │
                                            │ DOCUMENT                            │
                                            │ ELECTRONICALLY FILED                │
                                            │ DOC #: _____       │
                                            │ DATE FILED: _8/26/2022_____      │
                                            └─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEDY REYES,

                            Petitioner,

            -against-

UNITED STATES OF AMERICA,

                            Respondent.

22-CV-6064 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Petitioner, who is currently on home confinement in New Jersey, filed this *habeas corpus*

petition under 28 U.S.C. § 2241. Petitioner asserts that the Federal Bureau of Prisons (BOP)

failed to properly credit him, under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (FSA), for time

he spent participating in recidivism reduction programming during his incarceration. The Court

denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody

challenging the legality of his detention on the ground that "[h]e is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the

authority to review the petition and "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is

obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78,

83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner pleaded guilty in this court to one count of conspiracy to distribute narcotics, and on January 20, 2015, he was sentenced to 144 months of imprisonment and 5 years of supervised release. *See United States v. Reyes,* ECF 1:13-CR-982, 51 (S.D.N.Y. Jan. 20, 2015). According to the "inmate locator" feature of the BOP website, Petitioner is presently in the custody of a federal Residential Reentry Management Field Office (RRM) located in Brooklyn, New York, and his release date is December 6, 2022. *See* https://www.bop.gov/inmateloc/. In this Section 2241 petition, Petitioner seeks to have his supervised release terminated early, based on his alleged entitlement to additional good-time credits (GTC) under the FSA. Petitioner claims that he began the process of exhausting his administrative remedies by filing a "BP-9" form with the RRM. (ECF 1 at 3.) Citing two cases from the Eleventh Circuit, Plaintiff asserts that he is not, however, required to exhaust his administrative remedies because he is no longer incarcerated in a correctional facility. (*Id.*)

## DISCUSSION

The FSA requires that the BOP award a maximum of 54 days of good-time credits (GTC) for each year of the sentence imposed, rather than for each year of time served. *See Frazer v. Petrucci*, No. 19-CV-865 (JGK), 2019 WL 5887302, at *2 (S.D.N.Y. Nov. 8, 2019) (citing First Step Act of 2018, § 102(b), 18 U.S.C. § 3624(b)). "This means that a prisoner sentenced to a ten-year term presumptively earns up to 540 days of GTC credits, subject to disciplinary and other statutory deductions, rather than the pre-First Step Act maximum of 470 days of GTC credits." *Id.* ("BOP appears to have reached its new calculation correctly by multiplying 54 days per year

by the 23 years of the petitioner's sentence and then subtracting the 27 days of disciplinary

deduction").

Before Petitioner may seek *habeas corpus* relief under Section 2241, however, he must

show exhaustion of his administrative remedies. Although Section 2241 does not expressly

require exhaustion of administrative remedies, "[i]t is well-settled that an appellant must exhaust

his administrative remedies before seeking habeas corpus relief in the federal courts." *Gonzalez*

*v. Perrill*, 919 F.2d 1, 1 (2d Cir. 1990) (*per curiam*); *see Carmona v. United States Bureau of*

*Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (federal prisoners must exhaust administrative

remedies prior to filing petition for *habeas* relief); *Lallave v. Martinez*, No. 22-CV-791, 2022

WL 2338896, at *3 (E.D.N.Y. June 28, 2022) (applying exhaustion requirement to petition filed

by petitioner under home confinement); *Cohen v. United States*, No. 21-CV-10833 (JGK), 2021

WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021) (same). A court may excuse the failure to exhaust

where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable

injury may occur without immediate judicial relief; (3) administrative appeal would be futile;

and (4) in certain instances a petitioner has raised a substantial constitutional question." *Beharry*

*v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

Here, Petitioner asserts that he filed the requisite form to seek administrative review of

the calculation of his GTC, but expressly acknowledges that he has not completed that process.

Exhaustion of administrative remedies is required in this case, notwithstanding Petitioner's

assertion to the contrary. The Eleventh Circuit cases Petitioner references, *Q.F. v. Daniel*, 768 F.

App'x 935, 938 (11th Cir. 2019), and *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000),

address the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e,

which applies when a litigant who files a non-*habeas* civil action is confined in a correctional

facility when the lawsuit is commenced. Section 1997e, however, does not apply to *habeas corpus* petitions filed under Section 2241, and thus is not relevant here.

Moreover, there are no allegations in the petition suggesting that the Court should excuse Petitioner's failure to exhaust his administrative remedies. The BOP is in the best position to assess whether there was an error in calculating Petitioner's entitlement to GTC under the FSA, and should be given an opportunity to correct any such error.

Accordingly, the Court dismisses the petition without prejudice to refiling once Petitioner has exhausted his administrative remedies.[1]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] To exhaust administrative remedies with the BOP, a prisoner must first present a complaint informally to prison staff. 28 C.F.R. § 542.13(a). If the prisoner is unable to resolve the complaint informally, he must file an Administrative Remedy Request with the Warden within twenty calendar days of the alleged events. *Id.* § 542.14(a). The Warden must respond within twenty days. *Id.* § 542.18. The prisoner then has twenty days to appeal the Warden's decision to the Regional Director. *Id.* § 542.15(a). The Regional Director must respond within thirty days. *Id.* § 542.18. If necessary, the prisoner may appeal the Regional Director's decision to the General Counsel within thirty days. *Id.* § 542.15(a). The General Counsel must respond to that appeal within forty days. *Id.* § 542.18. A prisoner who does not receive a response within the time allotted for reply, including any extensions, may consider the absence of a response to be a denial at that level. *See id.* Petitioner states that he filed the requisite BP-9 form with the RRM, and he should continue pursuing his administrative remedies until he has exhausted them.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 26, 2022
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge